**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**OSCAR HERRERA,**

        Plaintiff,

v.                                                                    **Case No. 5:19-CV-1052-JKP**

**PHH MORTGAGE CORPORATION,**

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has under consideration a Motion to Dismiss (ECF No. 3) filed by Defendant on August 30, 2019, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not filed a response and the time for doing so has passed.

When there is no timely response, "the court may grant the motion as unopposed." *See* W.D. Tex. Civ. R. 7(e)(2). The Court may apply this local rule to dispositive motions. *See Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). But "in the interests of thoroughness," it may address the motion on the merits. *See Suarez*, 2015 WL 7076674, at *2. Under the circumstances of this case, the Court declines to grant the motion merely because Plaintiff has not responded. It instead examines the merits of the motion and applies the well-established standards for stating a claim set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, given the lack of response, there is no need to set out a detailed analysis of the law or legal issues.

This action arises from a contract between the parties for a home loan to Plaintiff. *See* Orig. Pet. (attached as Ex. C-1 to Def.'s Notice of Removal (ECF No. 1)) ¶¶ 8-9. Plaintiff con-

cedes that he has "fallen behind for a few months, roughly one year," on the loan payments. *Id.* ¶ 8. He contends that he has been refused "the ability to do a short sale" even though, he had been told that he "had 7 days to bring in a short sale" and "that the policy is 32 days." *Id.* He seeks injunctive relief to prevent foreclosure on his home. *Id.* ¶¶ 9-12. In addition, he asserts a breach-of-contract claim based upon the lender refusing his attempts "to work this matter out in an amicable manner," refusing to complete plans "agreeable to everyone" under the Home Affordable Modification Program ("HAMP"), and refusing him an opportunity for a short sale. *Id.* ¶ 14.

Because Plaintiff has made no allegation that the loan agreement was modified in writing in relation to his short sale allegations, the Texas statute of frauds precludes any claim based on the short sale allegations. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256-57 (5th Cir. 2013). Further, to the extent, Plaintiff alleges a violation of HAMP, such claim fails as a matter of law because HAMP provides "no private cause of action" and Plaintiff's allegations do not satisfy the statute of frauds. *See Tierranegra v. JPMC Specialty Mortg. LLC*, No. 7:18-CV-347, 2019 WL 92190, at *5 (S.D. Tex. Jan. 2, 2019).

To the extent Plaintiff pursues his breach-of-contract claim on some other basis, the claim fails because he has not alleged any specific provision of an identified contract that has been breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (per curiam); *Caine v. Wells Fargo Bank, N.A.*, No. H-17-2046, 2018 WL 3195102, at *3 (S.D. Tex. Jun. 8, 2018). Moreover, in the absence of an allegation that Plaintiff is current on his loan payments, a breach-of-contract claim is properly dismissed. *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012). Plaintiff here has conceded that he is not current on his loan payments.

For these reasons, Plaintiff has no plausible breach-of-contract claim. And absent "a viable substantive claim, [the] request for injunctive relief is without merit." *Id.* (citing *Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003) (per curiam)). "Injunctive relief requires the movant to establish, among other things, that there is a substantial likelihood of success on the merits" and when the plaintiff "has stated no viable cause of action" injunctive relief is unwarranted. *Tierranegra*, 2019 WL 92190, at *5.

Because Plaintiff's allegations fail to state a plausible claim under *Twombly* and *Iqbal*, the Court **GRANTS** the Motion to Dismiss (ECF No. 3), **DISMISSES** this action with prejudice, and **DENIES** Plaintiff's request for injunctive relief. It will separately issue a final judgment in accordance with Fed. R. Civ. P. 58.

SIGNED this 4th day of October, 2019.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE